| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH ALLDREDGE aka Christ Tea Party 1773, CDCR #P-48941, | | Case No.: 16-CV-1918 JLS (JLB) |
| | Plaintiff, | **ORDER: (1) GRANTING MOTIONS TO PROCEED *IN FORMA PAUPERIS*, AND** |
| vs. | | **(2) DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |
| $HE D'EVIL KLINTON; DAEMON KRAUT KOMMOUISTA TRAITORS; SATAN OBAMA, | | |
| | Defendants. | (ECF Nos. 11, 13.) |

Plaintiff "Papa" Joseph Alldredge, aka "Christ Tea Party 1773," a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding pro se, has filed a civil action. (Compl., ECF No. 1). In addition, Plaintiff has filed two Motions to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (IFP Mots., ECF Nos. 11, 13.)

**IFP MOTIONS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

$400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in "increments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act (PLRA), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); *Taylor*, 281 F.3d at 850.  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629

In support of his IFP Motions, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  *Andrews*, 398 F.3d at 1119.  These statements shows that Plaintiff had an available balance of zero.  (*See* ECF No. 11 at 7; ECF No. 13 at 3.)

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

Therefore, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). The Court does, however, direct the Secretary of the California Department of Corrections and Rehabilitation (CDCR), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)

### I. Legal Standard

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), (h) and 1915A(a). Under these provisions of the PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (discussing § 1915(e)(2)) (en banc).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). In giving liberal interpretation to a pro se civil rights complaint,

however, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (citing *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987 (9th Cir. 1976); *Keker v. Procunier*, 398 F.Supp. 756, 766 (E.D. Cal. 1975)).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**II.     Analysis**

   **A.     *Rule 8***

Plaintiff's Complaint is difficult to decipher, as many of the claims Plaintiff is attempting to allege are disjointed and incomprehensible. Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2). Here, the Court finds that Plaintiff's Complaint falls shorts of complying with Rule 8.

   **B.     *Frivolous Claims***

Plaintiff's Complaint also sets forth claims that appear to be delusional. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's pleading is entitled "1773 First Amendment Motion & Petition for 'Grand Jury' Indictment Treason." (ECF No. 1.) His Complaint names as Defendants "$he D'evil Klinton" and "Satan Obama." (*See id.*) There are no coherent statements, sentences, or factual allegations found anywhere in these filings.

The Court therefore finds the claims in Plaintiff's Complaint to be frivolous because they lack even "an arguable basis either in law or in fact" and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

## CONCLUSION

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motions (ECF Nos. 11, 13) are **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, **SHALL COLLECT** from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and **FORWARD** payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is **DIRECTED** to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

4. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Because the Court finds further amendment futile, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (holding that denial of leave to amend is not an abuse of discretion where further amendment would be futile).

5. The Court **CERTIFIES** that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (holding that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous).

/ / /

/ / /

1   This Order concludes the litigation in this matter.  The Clerk of the Court shall enter
2   judgment and close the file.
3   **IT IS SO ORDERED**.

5   Dated:  September 9, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge