UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALLDREDGE aka Christ Tea Party 1773,<br><br>Plaintiff,<br><br>vs.<br><br>SHE D'EVIL KLINTON; DAEMON KRAUT KOMMOUISTA TRAITORS; SATAN OBAMA,<br><br>Defendants. | Case No.: 3:16-cv-01918-JLS-JLB<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 17)**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**(ECF No. 21)** |

Plaintiff Joseph Alldredge, also known as "Christ Tea Party 177," proceeding pro se and in forma pauperis ("IFP"), has filed a "Motion Petition Reconsideration and Motion Petition for Rehearing" relating to the Court's September 9, 2016 Order dismissing this civil action for failing to comply with Federal Rule of Civil Procedure 8(a) and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.  (ECF No. 17.)  In addition, Plaintiff has

filed an "Application to Proceed In Forma Pauperis." (ECF No. 21.) The Court has already granted Plaintiff IFP status. Thus, this duplicative motion to proceed IFP is **DENIED** as moot.

## I. Procedural History

Plaintiff filed his original Complaint in this case on July 25, 2016, and later filed a Motion for Leave to Proceed IFP. (ECF Nos. 1, 11.) On September 9, 2016, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint without prejudice because it failed to comply with Federal Rule of Civil Procedure 8(a) and the Court found Plaintiff's claims to be frivolous. (ECF No. 14 at 5.) The Court also found that further amendment was futile and entered a final judgment. (*Id.*)

## II. Plaintiff's Motion for Reconsideration

Plaintiff has filed a Motion for Reconsideration that is as incomprehensible as his Complaint. It contains references to what appears to be a rant regarding treason, a call for impeachment of government officials, and random references to terrorist organizations. These claims, like those found in his Complaint, are frivolous because they lack even "an arguable basis either in law or fact" and are "fanciful," "fantastic," and "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### A. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

Plaintiff's request for reconsideration is not based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Instead, Plaintiff appears to raise the same delusional arguments found in his Complaint. Here, the Court finds that Plaintiff's Motion fails to demonstrate that this Court disregarded, misapplied, or failed to recognize any controlling precedent when it dismissed his Complaint without further leave to amend.

Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its September 9, 2016 Order and Judgment of dismissal was erroneous or manifestly unjust, relief is not warranted under Federal Rule of Civil Procedure 59(e).

## III.  Conclusion and Order

Based on the foregoing, the Court:

1)  **DENIES** Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 17), and re-affirms its September 9, 2016 Order and Judgment dismissing this civil action pursuant to Federal Rule of Civil Procedure 8(a) and 28 U.S.C. § 1915(e)(2);

2)  **DENIES** Plaintiff's Motion to Proceed IFP as moot (ECF No. 21);

3)  **RE-CERTIFIES** that an IFP appeal from either the September 9, 2016 Judgment, or this Order, would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

/ / /

/ / /

1     4)     **DIRECTS** the Clerk of Court to terminate this action and to accept no further filings, except a Notice of Appeal, for filing in this case.

    **IT IS SO ORDERED**.

Dated: November 14, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge